IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL M. BEAMON, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0693-D |
| | § | |
| PARKLAND HOSPITAL, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Michael M. Beamon, Jr., a Texas prisoner, against Parkland Hospital and Dr. Arlene Peay. On April 21, 2008, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court then sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on July 8, 2008. The court now determines that plaintiff should be allowed to prosecute his medical care claim against Dr. Peay, but that his claims against Parkland Hospital should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

Plaintiff alleges that he was denied medical care for broken teeth and a mouth infection while incarcerated in the Dallas County Jail from February 27, 2008 through April 29, 2008. Prior to his incarceration, plaintiff was being treated for a tooth abscess and was scheduled for reconstructive dental surgery. However, the only treatment option offered at the jail was tooth extraction, and even that procedure could not be performed because plaintiff was denied the medications necessary to treat his infected mouth. According to plaintiff, Dr. Peay, the physician responsible for his medical care, refused to prescribe pain medication to relieve his symptoms, claiming she could do nothing for the pain. Although a jail nurse eventually provided plaintiff with a gel to numb his mouth, the nurse was reprimanded and the gel was never administered again. By this suit, plaintiff seeks $135,000 in damages and injunctive relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations,

the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against Parkland Hospital. Where, as here, an inmate seeks to hold a governmental entity liable for civil rights violations under 42 U.S.C. § 1983,[1] he must show that the unconstitutional actions of jail officials resulted from an official policy or practice. *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). *See also Shockley v. Dallas Co. Hospital Dist.*, No. 3-06-CV-2151-BD, 2007 WL 1099642 at *2 (N.D. Tex. Apr. 11, 2007) (citing cases) (applying *Monell* to civil rights claim against Parkland Hospital). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents [official] policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). However, isolated incidents are insufficient to show a custom or practice for purposes of section 1983 liability. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.), *cert. denied*, 113 S.Ct. 462 (1992).

---

[1] The Dallas County Hospital District d/b/a Parkland Health & Hospital System is a political subdivision of the State of Texas. *See* TEX. HEALTH & SAFETY CODE ANN. § 281.001, *et seq.* (Vernon 2001).

When asked if his inadequate medical treatment was the result of an official policy or custom of Parkland Hospital, plaintiff responded:

> Yes because I specifically asked for pain medicine and also something for . . . infection. The only solution was stated was extraction but that could not be done without clearing the infection. I know I could have received attention but I was constantly denied until Dean Caldwell worked one night and she helped me. She was the only nurse that helped the situation. The staff at Dallas County Jail at Susane [sic] Kays Facility Parkland Division needs to be upgraded. Too many inmates for a small staff.

(*See* Mag. J. Interrog. #6). This allegation falls short of demonstrating that Parkland Hospital had an official policy or custom, or a persistent and widespread practice, that resulted in the violation of plaintiff's constitutional rights. Nor does plaintiff allege that Parkland Hospital was responsible for the "extraction only" policy followed by Dallas County jail officials. At most, plaintiff has identified an isolated incident of inadequate medical care. Without more, plaintiff has failed to state a cognizable claim against Parkland Hospital.

C.

The court reaches a different conclusion with respect to plaintiff's medical care claim against Dr. Peay. In order to establish a constitutional violation, plaintiff must show that the doctor acted with deliberate indifference to a serious medical need such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that the doctor was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). It is widely accepted that inadequate dental treatment, resulting in pain, can constitute a "serious medical need" for purposes of section 1983 liability. *See, e.g. Ivy v. Murray*,

No. H-03-2543, 2005 WL 1766249 at *3 (S.D. Tex. Jul. 26, 2005); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995); *Hunt v. Dental Dept.*, 865 F.2d 198, 201 (9th Cir. 1989). Moreover, some courts have suggested that a medical practitioner following an "extraction only" policy may exhibit deliberate indifference. *See, e.g. Chance v. Armstrong*, 143 F.3d 698, 703-04 (2d Cir. 1998); *Pipes v. North Dakota*, No. 1-07-CV-00067, 2007 WL 4661655 at *8-9 (D.N.D. Dec. 10, 2007), *rec. adopted*, 2008 WL 504136 (D.N.D. Feb. 20, 2008); *Rumierz v. Sheriff*, No. 02-6146(KSH), 2006 WL 3068577 at *3 (D.N.J. Oct. 27, 2006); *Daker v. Donald*, No. 5-04-CV-392, 2005 WL 1241250 at *3-5 (M.D. Ga. May 24, 2005).

Here, plaintiff alleges that he suffered agonizing pain as a result of broken teeth, a mouth infection, and being denied pain medication for five weeks. Although Dr. Peay was aware of plaintiff's condition, she allegedly saw him only once, refused to treat his pain, and did not offer any treatment option other than tooth extraction. These allegations, viewed in the light most favorable to plaintiff, are sufficient to state a medical care claim against Dr. Peay.

## RECOMMENDATION

Plaintiff should be allowed to prosecute his medical care claim against Dr. Arlene Peay. His claims against Parkland Hospital should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE