IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL M. BEAMON, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0693-D |
| | § | |
| PARKLAND HOSPITAL, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Arlene Peay has filed a motion to dismiss this *pro se* civil rights action for want

of prosecution. For the reasons stated herein, the motion should be granted.

I.

In April 2008, Plaintiff Michael Beamon, Jr., a former inmate at the Dallas County Judicial

Treatment Center in Wilmer, Texas, also known as the "Cornell Facility," filed this action against

Parkland Hospital and Arlene Peay, a nurse practitioner, alleging that defendants failed to provide

adequate medical care for a tooth abscess. After screening plaintiff's complaint, the court dismissed

the claims against Parkland Hospital, but allowed the suit to proceed against Peay. (*See* Doc. #13).

In its order allowing the case to proceed, the court instructed plaintiff that:

> [A]t all times during the pendency of this action, plaintiff(s) shall
> immediately notify the Court of any change of address and its
> effective date. Such notice shall be captioned "NOTICE TO THE
> COURT OF CHANGE OF ADDRESS." The notice shall contain
> **only** information pertaining to the change of address and its effective
> date. Failure to file a NOTICE TO THE COURT OF CHANGE OF
> ADDRESS may result in the dismissal of the complaint for failure to
> prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(*See id.*) (emphasis in original). Peay was served with process and filed an answer on September 9, 2008. Thereafter, the court issued a scheduling order. (*See* Doc. #24). When the clerk mailed a copy of the scheduling order to plaintiff at the Cornell Facility, it was returned to the court with the notation, "Return to Sender. Not Deliverable as Addressed. Unable to Forward." (*See* Doc. #25). Subsequent mailings to plaintiff by the clerk and opposing counsel also were returned with similar notations. (*See* Docs. #26, 31, 32; Def. Mot., Exh. A). Unable to communicate with plaintiff, Peay now moves to dismiss this case for want of prosecution.

## II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Both the court and opposing counsel have attempted to correspond with plaintiff at the Cornell Facility. However, plaintiff is no longer incarcerated at that facility and has not provided notice of his current address.[1] Without this information, the litigation cannot proceed. Dismissal

---

[1] After Peay filed her motion to dismiss, plaintiff was ordered to notify the court and opposing counsel of his current address by January 5, 2009. (*See* Doc. #30). That order also was returned to the clerk as "undeliverable." (*See id.* #32).

is the only option available under the circumstances. *See Weatherspoon v. Ahmed*, No. 3-07-CV-0369-K, 2007 WL 1062162 at *1 (N.D. Tex. Apr. 10, 2007) (dismissing complaint for failure to provide court with current address).

## RECOMMENDATION

Defendant's motion to dismiss for want of prosecution [Doc. #28] should be granted. This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 9, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE